STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

| | |
|---|---|
| Jay Connor, | Civil Action No. |
| Plaintiff, | 2013-1353 |
| Vs. | **VERIFIED COMPLAINT** |
| Dish Network L.L.C. and John Doe<br>Defendants. | FILED IN CHARLESTON COUNTY<br>NOV 0 7 2013<br>CITY SMALL CLAIMS COURT |

**ADDRESS FOR REGISTERED AGENT OF DEFENDANT DISH NETWORK L.L.C.:**

Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

Plaintiff complaining of the Defendants alleges as follows:

### TYPE OF ACTION

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty.

### PARTIES

2. JAY CONNOR (hereinafter "Connor" or "Plaintiff") is a resident of Charleston County, South Carolina.

3. The calls alleged in this complaint were made to Plaintiff's cellular a/k/a "wireless" or "mobile" telephone in South Carolina.

4. DISH NETWORK L.L.C. (hereinafter "Dish Network") is a Colorado corporation that conducts and transacts business in South Carolina.

5. Dish Network either directly or by those on its behalf, makes calls to residents of South Carolina.

6. The true identity of John Doe is unknown at this time.

### ACTS OF THOSE MAKING CALLS ON BEHALF OF DEFENDANTS

7. Whenever it is alleged in this complaint that Defendants did any act, it is meant that the Defendants performed, caused to be performed, and/or participated in the act and/or that Defendants' officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent performed or participated in the act on behalf of, for the benefit of, and/or under actual or apparent authority of the Defendants.

### DEFENDANTS' USE OF PRERECORDED TELEPHONE MESSAGES

8. Defendants use, directly and/or by those on their behalf, one or more devices that calls telephone subscribers and delivers messages using a prerecorded or artificial voice.

9. Defendants directly and/or by those on their behalf, did initiate two telephone calls alleged herein with a device that delivered messages using a prerecorded or artificial voice.

10. Defendants directly and/or by those on its behalf, are aware of this device's designed operation and/or have knowledge that calls were being made using an artificial or prerecorded voice to deliver messages.

11. Defendants directly and/or by those on their behalf, can exercise control over the content of the messages delivered by the artificial or prerecorded voice.

12. Defendants directly and/or by those on their behalf, can exercise control over the people who make the calls that deliver messages by artificial or prerecorded voice.

13. Prior to the calls alleged herein, Plaintiff had instructed Defendant numerous times not to call his telephone number (843) 743-3608.

### TELEPHONE CALLS MADE TO PLAINTIFF

#### First Call

14. On or about August 17, 2013 a telephone call (FIRST CALL) was initiated to the Plaintiff's cellular telephone number (843) 743-3608 by or on behalf of the Defendants.

15. The purpose of the FIRST CALL was, among other things, to deliver a telephone message to the called party on behalf of the Defendants.

16. The FIRST CALL consisted of a message delivered by prerecorded or artificial voice.

17. Plaintiff's telephone provider charged Plaintiff for the FIRST CALL.

18. In the FIRST CALL described herein, Defendants willfully and/or knowingly intended to deliver a recorded message to the called party.

2

19. In the FIRST CALL described herein, Plaintiff attempted to tell Defendants to put the number on their Do Not Call List.

### Second Call

20. On or about August 19, 2013 a telephone call (SECOND CALL) was initiated to the Plaintiff's cellular a/k/a "wireless" or "mobile" telephone number (843) 743-3608 by or on behalf of the Defendants.

21. The purpose of the SECOND CALL was, among other things, to deliver a telephone message to the called party on behalf of the Defendants.

22. The SECOND CALL consisted of a message delivered by prerecorded or artificial voice.

23. In the SECOND CALL described herein, Defendants willfully and/or knowingly intended to deliver a recorded message to the called party.

24. Plaintiff's telephone provider charged Plaintiff for the SECOND CALL.

25. In the SECOND CALL described herein, Plaintiff told "Chris" to put Plaintiff's number on Dish's Do Not Call List.

### CAUSE OF ACTION - 47 U.S.C. 227 (b) (1) (A) (iii)

26. Paragraphs 1 through 25 are restated as if set forth herein.

27. Defendants did make TWO (2) telephone calls referenced above to Plaintiff's cellular a/k/a "wireless" or "mobile" telephone using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

### Willful or Knowing Violations

28. Defendants' actions, as described in paragraphs 27 manifest TWO knowing and/or willful actions in violation of 47 U.S.C. 227 within the meaning of the 1934 Communications Act and the Federal Communications Commission.

### PRAYER FOR RELIEF

29. WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

30. For the statutory damages pursuant to 47 USC 227 (b) (3) (B) of $500 per call, to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendants' violations of that TCPA and;

31. For trebled damages to be awarded to the Plaintiff pursuant to 47 USC 227 (b) (3) (B) in accordance with the TCPA, for each of Defendants' willful and/or knowing violations of that TCPA listed in paragraph 28 above; and

32. For unspecified punitive damages in an amount to be determined by this Court.

33. For such other and further relief as the Court may deem just and proper.

34. Plaintiff waives the excess of any award above the jurisdiction of the Court in effect at the time at the time judgment is rendered.

Respectfully submitted,
This is the 7th day of November 2013.

Jay Connor Plaintiff, *Pro Se*
P.O. Box 20302
Charleston, SC 29413
(843) 557-5724

4

## VERIFICATION

The Undersigned states and swears that all the forgoing allegations are true and correct to the best of his knowledge and belief.

_____
Jay Connor

Subscribed and sworn to before me by Jay Connor on this the 6th day of November, 2013

_____
Notary Public for South Carolina
My commission expires on 1-12-2015

4

# CHARLESTON COUNTY SMALL CLAIMS COURT
# INSTRUCTION SHEET

**ADDRESS:** POST OFFICE BOX 941, 29402     995 MORRISON DRIVE, CHARLESTON, SC 29403

**PHONE:** SMALL CLAIMS COURT DOWNTOWN     CALL (843) 724-6720

**HOURS:** 8:30 AM-4:30 PM Monday through Friday

**FILING:** The filing and service of process fee is $80.00. There is an additional $10.00 charge for each additional defendant with a different address. The complaint and any attachments must be filed in DUPLICATE. The original for the Court, a copy for each Defendant(s). Please provide the court with a clear and accurate legal name and street address for the defendant, so that the summons and complaint can be served without delay. Route and box numbers are not acceptable. If filing against a business, determine whether or not the business is incorporated or privately owned. If privately owned, list owner's full legal name. If incorporated, list agent's name and address for service of process. If filing to collect an account or note, include duplicate copies of the statement of account, invoices, or note to verify the amount due and have your signature notarized. The jurisdictional limit in this court is $7,500.00.

**SUMMONS:** The Small Claims Court issues a summons when the complaint is filed and the summons requires the defendant to answer the complaint within thirty (30) days after the date of service. The defendant must answer in writing and a clerk is available at the Small Claims Office to assist a party if needed.

If the defendant has a claim against the plaintiff arising from the same facts, the defendant may file a counterclaim in writing with the court at the same time the answer is filed.

**DEFAULT:** If the defendant does not answer within thirty (30) days after service of the summons and complaint, a judgment by default may be entered against the defendant.

**HEARING:** The Court will schedule a hearing at the time the defendant files an answer. The parties must appear with any witnesses and evidence that are necessary to prove their cases. A WRITTEN, NOTARIZED, OUT OF COURT STATEMENT FROM A WITNESS CANNOT BE USED AS EVIDENCE. A WITNESS MUST APPEAR IN PERSON IN COURT TO TESTIFY. There is a charge of $8.00 per subpoena if issued by the court.

**JURY TRIAL:** Either party has the right to request a jury trial and it must be submitted in writing at least five (5) working days prior to the date of the hearing.

**JUDGMENTS:** A Transcript of Judgment will be issued with specific instructions about the enforcement of the Judgment. It may be recorded immediately at the Clerk of Court's Office. The Execution Against Property Order may be filed with the Charleston County Sheriffs Office thirty (30) days after notice of judgment. The recorded judgment will remain valid and enforceable for a period of ten (10) years and accrues interest at the rate of 12% from the date of judgment. When the judgment is satisfied, the plaintiff must notify the Clerk of Court's Office so that the judgment will be recorded as satisfied.

**POST TRIAL:** A Motion for a New Trial must be received by this court in writing within five (5) days after notice of the judgment.

**APPEALS:** An appeal must be filed in writing within thirty (30) days from the notification of the judgment date. There is a $150.00 filing fee and it must be filed with the Court of Common Pleas. The notice of appeal must be personally served on this court and on the opposing party within the same thirty (30) days.

R-02/04

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | <u>2013CV1010601353</u> |
| ) | CIVIL CASE NUMBER |
| COUNTY OF CHARLESTON ) | |
| ) | IN THE MAGISTRATE'S COURT |
| ) | |
| ) | ANSWER |

Jay Connor
Post Office Box 20302
Charleston, SC 29413
(843) 557-5724
<u>**PLAINTIFF(S)**</u>

Vs

Dish Network L L C

<u>**DEFENDANT(S)**</u>

AGENT

Corporation Service Company
1703 Laurel St
Columbia, SC 29201

On _____ I was served with a Complaint requiring me to answer within thirty days from the date of service. My Answer, which is hereby filed with the **Charleston County Summary Court,** is as follows:

CHECK ONE:

    A. ☐ I contest the jurisdiction of the court based on the following: (use additional pages if necessary)

_____

_____

    B. ☐ I admit everything in the complaint and do not want a trial.
    C. ☐ I admit that I am responsible, but not for the total amount claimed by the Plaintiff(s) because: (use additional pages if necessary) _____

_____

    D. ☐ I deny that I am responsible at all because: (use additional pages if necessary)

_____

_____

## <u>YOU MUST FILE THIS DOCUMENT WITH THE COURT WITHIN THIRTY DAYS</u>

THE DEFENDANT/PLAINTIFF STATES THAT THE INFORMATION CONTAINED IN THIS ANSWER IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE.

DATED: _____

_____
SIGNATURE OF DEFENDANT(S) (OR ATTORNEY)

**IF MORE THAN ONE DEFENDANT, ALL MUST FILE ANSWER**

**PLEASE RETURN TO:**

**Small Claims - City
995 Morrison Drive, P. O. Box 941
Charleston, SC 29403
Phone: (843) 724-6720**

MV 2

Jay Connor
P.O. Box 20302
Charleston, SC 29413

**CERTIFIED MAIL**

7012 3460 0003 7401 3166

U.S. POSTAGE PAID
CHARLESTON, SC
29401
NOV 14, 13
AMOUNT
$6.77
1000   29201   00094495-07

Dish Network c/o
Corporation Service Company
1703 Laurel Street
Columbia, SC 29201